**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

ANDREW TAGHON,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-62

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Andrew Taghon ("Taghon"), who is currently housed at the Bradley Center Halfway House in South Bend, Indiana, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 8), and Taghon filed a Response. (Doc. 12.) For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Respondent's Motion to Dismiss as moot, **TRANSFER** this matter to the Hammond Division of the District Court for the Northern District of Indiana, and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Taghon leave to appeal *in forma pauperis*.

## BACKGROUND

In 2007 and 2008, Taghon was indicted in the Northern District of Indiana in two separate criminal prosecutions. In the first case, Taghon and two co-defendants were charged by superseding indictment with one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349, by using their official positions as police officers to wrongfully obtain, then sell or retain for their own use items of personal property and controlled substances.

(Doc. 1-1, pp. 1–6.) Taghon was charged with three counts of possession of cocaine, in violation of 21 U.S.C. § 841(a)(1); two counts of carrying firearms during and in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c); and three counts of wire fraud, in violation of 18 U.S.C. § 1343. (Id. at pp. 7–13.)

Taghon was also indicted in 2008 in the Northern District of Indiana for three counts of honest services wire fraud, in violation of 18 U.S.C. § 1343; two counts of selling firearms to a convicted felon, in violation of 18 U.S.C. § 922(d)(1); and two counts of selling stolen firearms, in violation of 18 U.S.C. § 922(j). Indictment, United States v. Taghon, 2:08-cr-184, (N.D. Ind. Nov. 20, 2008), ECF No. 1.

Taghon pleaded guilty to conspiracy to commit honest services wire fraud, as charged in Count 1 of the indictment in the first prosecution, and to selling a firearm to a convicted felon, Count 6 of the indictment in the second prosecution. As part of his plea agreement, Taghon waived his right to appeal his conviction and sentence to any court on any ground, including by an appeal or a 28 U.S.C. § 2255 motion. On May 26, 2009, the District Court for the Northern District of Indiana sentenced Taghon to 78 months' imprisonment on each count to which he pled guilty, to be served concurrently, and dismissed all remaining counts of both indictments. Taghon's sentence was later reduced to 63 months' imprisonment based on a retroactive amendment to the United States Sentencing Guidelines. Orders, United States v. Huston, 2:08-cr-184, (N.D. Ind. May 8, 2015), ECF Nos. 238, 239.

Taghon later pleaded guilty to attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, as charged in a third criminal prosecution, and was sentenced to an additional 33 months' imprisonment, to be served consecutively to the sentences imposed in 2:07-cr-149

and 2:08-cr-184. Sentencing, United States v. Buford, 2:09-cr-113, (N.D. Ind. Aug. 31, 2010), ECF No. 79.

On October 19, 2015, during the pendency of his Section 2241 Petition in this Court, Taghon filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the Northern District of Indiana, the district of his conviction. Mot., United States v. Huston, 2:07-cr-149, (N.D. Ind. Oct. 19, 2015), ECF No. 242. In this motion, Taghon makes essentially the same arguments as he does in his current Petition, as discussed below. Id. The Government has sixty days from December 22, 2015, to file any desired response to Taghon's Section 2255 motion. Order, United States v. Huston, 2:04-cr-149, (N.D. Ind. Dec. 22, 2015), ECF No. 245.[1]

## DISCUSSION

In his Petition, which was filed in this Court on May 26, 2015, Taghon asserts the United States Supreme Court's decision in Skilling v. United States, 561 U.S. 358 (2010), renders the basis of his conviction under 18 U.S.C. § 1343 nonexistent and makes him "actually innocent" of that offense. (Doc. 1, p. 6.) According to Taghon, the remedy afforded by Section 2255 is inadequate or ineffective to challenge his conviction and sentence because his claim was foreclosed by United States v. Bloom, 149 F.3d 649 (7th Cir. 1998). Taghon also asserts he waived his right to file a Section 2255 by virtue of his plea agreement. Taghon contends Skilling represents a claim of statutory interpretation that is cognizable pursuant to 28 U.S.C. § 2255(f)(3). (Id. at p. 5.)

Respondent contends Taghon's Section 2241 Petition does not satisfy Section 2255's savings clause, as the remedy afforded pursuant to Section 2255 is not inadequate or ineffective merely because a petitioner cannot comply with that Section's procedural requirements. In

---

[1] Taghon also has filed a Motion to be Released on Bail and a Motion to Enforce Petitioner's Demand for Bond in Case Number 2:08-cr-184. Mots., United States v. Taghon, 2:08-cr-184 (N.D. Ind. Nov. 16 and Dec. 21, 2015), ECF Nos. 34, 35.

3

addition, Respondent avers Taghon does not allege he is factually innocent of any of the "equally serious" charges the Government agreed to dismiss as part of his plea agreement. (Doc. 8, pp. 8–10.) Thus, Respondent contends Taghon's Section 2241 should be dismissed.

In his Response to Respondent's Motion to Dismiss, which was filed on September 8, 2015, Taghon reiterates his position that his claims were foreclosed, rendering Section 2255's remedy inadequate or ineffective. (Doc. 12, p. 2.) Taghon alternatively requests that this Court transfer his Petition if it finds it lacks jurisdiction to entertain his claims.

## I.  Whether this Court has Jurisdiction to Entertain Taghon's Petition

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id.

(citation omitted). The mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make that Section's remedy inadequate or ineffective. See Jones v. Warden, FCC Coleman, Medium, 520 F. App'x 942, 945 (11th Cir. 2013).

Here, Taghon was incarcerated in this District at the Federal Correctional Institution in Jesup, Georgia, at the time he filed his Section 2241 Petition. While the proper respondent at that time was the Warden at that Institution, see 28 U.S.C. § 2242, review of Taghon's Petition reveals that he is challenging the fact of his conviction and not the execution of his sentence. Despite what appear to be his best efforts, Taghon fails to show that the remedy afforded by Section 2255 is inadequate or ineffective to challenge his conviction, allowing him to proceed in this Court with his Section 2241 Petition. 28 U.S.C. § 2255(e). The Court notes that Taghon's Section 2255 motion, which is currently pending in the Northern District of Indiana, may well be barred by the applicable statute of limitations period, but that is not a determination this Court is to make. In the event the Northern District of Indiana court does find Taghon's Section 2255 motion is barred by the statute of limitations or some other procedural rule, such a finding would not render Section 2255's remedy inadequate or ineffective within the purview of Section 2255(e) to allow this Court to entertain his Section 2241 Petition. In addition, as Taghon is contesting the fact of his conviction, his entitlement to relief is a determination which is to be made by the Northern District of Indiana, the district in which he was convicted.

The circumstances involved in this cause of action are somewhat unique. Taghon filed this Section 2241 Petition while he was incarcerated in this District. During the pendency of his Petition, he then filed a Section 2255 motion in the district of his conviction, and he raises the

same claims in that motion as he does in the instant Petition.[2] Since the time he filed his post-conviction pleadings, Taghon has since been transferred back to the Northern District of Indiana.

This Court lacks jurisdiction to review Taghon's Section 2241 Petition. Accordingly, Respondent's Motion to Dismiss should be **DISMISSED** as moot, and Taghon's Petition should be **TRANSFERRED.**

## II. Whether the Interests of Justice Require Transfer of Taghon's Petition

Having determined this Court lacks jurisdiction over his Section 2241 Petition, it must be determined whether Taghon's Petition should be transferred to the Northern District of Indiana, the district of his conviction and his confinement. Section 1631 of Title 28 of the United States Code provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. "[A] significant factor in the interest-of-justice analysis is whether a denial of a transfer would effectively bar the plaintiff from relief in the proper court." Partee v. Att'y Gen., Ga., 451 F. App'x 856, 858 (11th Cir. 2012) (citing Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999) (holding that the interests of justice did not warrant a Section 1631 transfer of a prisoner's habeas petition because, after the district court had dismissed his petition, the prisoner had three months within the limitations period in which to properly refile the petition, and the

---

[2] This statement excludes the fact Taghon did not raise the inadequacy or ineffectiveness of Section 2255's remedy in his Section 2255 motion, whereas he did raise that issue in his Section 2241 Petition. Mot., United States v. Huston, 2:07-cr-149, (N.D. Ind. Oct. 19, 2015), ECF No. 242.

6

magistrate's report and recommendation notified the prisoner of the necessary procedure for doing so)).

Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a), which allow a district court to transfer a case if either venue is lacking and transfer would be "in the interest of justice" (section 1406(a)) or for the convenience of the parties and witnesses if it would serve the interest of justice (section 1404(a)). The former Fifth Circuit Court of Appeals held in <u>Stelly v. Employers National Insurance Company</u>, 431 F.2d 1251 (5th Cir. 1970), that transfers under §§ 1404(a) and 1406(a) are non-appealable interlocutory orders. <u>See also</u> Wright & Miller § 3914. The <u>Stelly</u> court reasoned that, because the transfer in that case did not require the plaintiff to refile his lawsuit or expose him to the risk that his suit would be barred by the statute of limitations, the transfer order was not a final order which would preclude the plaintiff from having his day in court. <u>Stelly</u>, 431 F.2d at 1254. The effect of the transfer order, therefore, was not a final adjudication because the plaintiff was "still in the federal court although in a different room[.]" <u>Id.</u> (citations omitted).

The Eleventh Circuit Court of Appeals has found "the reasoning of <u>Stelly</u> to be persuasive for transfer orders under § 1631 where the transfer is from one district court to another." <u>Middlebrooks v. Smith</u>, 735 F.2d 431, 432 (11th Cir. 1984). Taghon "is not denied his day in court, but is simply relegated to pursuing his claim in another district court. If his complaint about the transfer is that th[is C]ourt . . . improperly characterized his claim as falling under 28 U.S.C. § 2255, rather than §[ ] 2241 . . . as he alleged, he will be free to raise that point in the transferee court and pursue it on appeal after final disposition." <u>Id.</u> at 432–33. "The mere fact that the transferee court is in a different circuit does not affect the appealability of the

transfer order." Id. at 433 (citing Stelly, 431 F.2d at 1253, and D'Ippolito v. Amer. Oil Co., 401 F.2d 764, 765 (2d Cir. 1968)).

As Taghon is presently housed in the Northern District of Indiana, and he currently has a pending Section 2255 motion in the Hammond Division of that District, this Court should **TRANSFER** Taghon's Section 2241 Petition to the Northern Division of Indiana, Hammond Division.[3]

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Taghon leave to appeal *in forma pauperis*. Though Taghon has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3] Taghon is housed in South Bend, Indiana, which is also in the Northern District of Indiana, but in the South Bend Division of that court.

Based on the above analysis of Taghon's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** as moot Respondent's Motion to Dismiss, (doc. 8), **TRANSFER** Taghon's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Taghon leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Taghon and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of February, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA